Gaston, J.
 

 We think his Honok. erred, in excluding from the benefit of the legacy such of the children as were born after their grand-mother’s death. It is settled, that when legacies are given to “ children,” as a class of individuals, payable at a future period, any child, who can entitle itself under the description,
 
 at the time when the fund is to
 
 
 *325
 
 be
 
 divided,
 
 may claim a share thereof. See 1 Roper on Legacies, and the cases there cited.
 
 Knight
 
 v
 
 Wall, 2
 
 Dev. & Bat. 125.
 
 Vanhook
 
 v
 
 Vanhook,
 
 1 Dev. & Bat. Eq. 589. But as no appeal has been taken by the petitioners, whose claim was rejected,
 
 we
 
 cannot correct this error.
 

 There is no error, we think, of which the defendant can complain. It is impossible for the Court to hold that the legacy has been paid to the petitioners; for the defendant sets up no such allegation. He admits the legacy to be unpaid, unless in law the payment thereof to their father and the application made by him of the money so paid to their support in infancy, operates as a satisfaction of their legacy. Now, without stopping to enquire how this might be in the case of a
 
 naked
 
 gift to suffering children, whose father was unable to support them, in this case it is impossible for us so to hold, without contradicting the will. The testatrix had a right to do with her own as she pleased, and she expressly directed, that, while the children were under age and their father lived, the whole fund should be kept unimpaired. The trust, with which the defendant was charged, is thus, upon his own shewing, an open, unexecuted trust — and, therefore, the delay, which has occurred in calling for its execution, will not prevent the Court from decreeing that it shall be executed.
 

 Pbh Curiam. Decree affirmed with costs.